**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CASE NO. 1:26-CV-00099-JHM-HBB**

**REX MELTON** **PETITIONER**

**v.**

**DARRELL NEACE** **RESPONDENT**

---

**RESPONDENT DARRELL NEACE'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

---

Respondent, Darrell Neace, in his official capacity as Director of the Bluegrass Career Development Center ("Neace"), by and through counsel, respectfully submits his Response to Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1).

## I. PROCEDURAL AND FACTUAL HISTORY

On April 4, 1990, Petitioner, Rex Melton ("Melton") was convicted of first-degree arson and first-degree assault (*See Commonwealth of Kentucky v. Rex Melton,* Taylor Circuit Court No. 89-CR-00069). Melton was sentenced to a total maximum term of fifty years' imprisonment – consisting of a thirty-year maximum term of imprisonment for first-degree arson to run consecutively with a twenty-year maximum term of imprisonment for first-degree assault.

Melton's first attempted to overturn his sentence by filing motions to vacate judgment (the "First Motions to Vacate"). The First Motions to Vacate were denied by the Taylor Circuit Court in May and July of 1995. The Kentucky Court of Appeals affirmed the denial of Melton's motion to vacate on April 4, 1997 (*see* Kentucky Court of Appeals Nos. 95-CA-1638 & 95-CA-2051). The Kentucky Supreme Court denied Melton's motion for discretionary review.

Approximately ten years after this Court's opinion, Melton once again fought against the validity of his sentence by filing *another* motion to vacate on March 17, 2008 (the "Second Motion to Vacate"). On June 6, 2008, the Taylor Circuit Court denied the Second Motion to Vacate on June 6, 2008. The denial of the Second Motion to Vacate was affirmed by the Kentucky Court of Appeals on February 27, 2009 (*See* Kentucky Court of Appeals No. 2008-CA-001271).

After the Court of Appeals affirmed the denial of his First and Second Motions to Vacate, Melton nevertheless persisted in his attempts to change his sentencing by filing a Motion for Expedient Release on November 4, 2013 (the "First Motion for Release"). The First Motion for Release was denied by the Taylor Circuit Court on November 13, 2013 and the Kentucky Court of Appeals affirmed the denial of Melton's Motion for Release on June 5, 2015 (*See* Kentucky Court of Appeals No. 2013-CA-001982).

On November 15, 2022, Melton filed another Motion for Emergency Release (the "Second Motion for Release") which was, once again, denied. The Kentucky Court of Appeals affirmed the trial Court's denial of the Second Motion for Release on June 21, 2024 (*See* Kentucky Court of Appeals No. 2023-CA-0177).

On February 17, 2023, Melton filed a Petition for Writ of Habeas Corpus in Taylor Circuit Court in an action styled *Rex Melton v. Commonwealth of Kentucky,* Taylor Circuit Court No. 23-CI-00043. The Taylor Circuit Court denied the Petition on June 19, 2024 for lack of prosecution.

On November 15, 2024, Melton filed a Complaint for Writ of Mandamus in Franklin Circuit Court in an action styled *Rex Melton v. Julia Woolums,* Franklin Circuit Court No. 24-CI-01174. Melton sought to challenge his custody credits and believed he had not been

granted jail custody credit, statutory good time, meritorious good time, educational good time, and street time/parole compliance credit. On April 16, 2025, the Franklin Circuit Court dismissed Melton's Writ of Mandamus finding Melton to be a violent offender.

On July 3, 2025, Melton filed a second Petition for Writ of Habeas Corpus in Madison Circuit Court in an action styled *Rex Melton v. Darrell Neace,* Madison Circuit Court No. 25-CI-00574 (the "Second Petition for Writ of Habeas Corpus"). Madison Circuit Court denied Melton's Second Petition on July 8, 2025, stating Melton "to establish a probable cause of unlawful imprisonment upon which relief could be granted." The Kentucky Court of Appeals affirmed the denial of Melton's Second Petition for Writ of Habeas Corpus on October 27, 2025 (*See* Kentucky Court of Appeals No. 2025-CA-1030).

After coming before this Court on two different Motions to Vacate, two different Motions for Release, and two Petitions for Writ of Habeas Corpus, Petitioner nevertheless comes before the Kentucky Court of Appeals on another Petition for Writ of Habeas Corpus. Petitioner is currently being housed in the Bluegrass Career Development Center (the "BCDC") in Richmond, Kentucky. (Doc. 1-1, PageID 20) Petitioner names Darrell Neace, in his official capacity as Director of the BCDC. Petitioner alleges there is "an incorrect calculation of Petitioner's criminal sentence by the Kentucky Department of Corrections (KDOC)." (Doc. 1, PageID 5) Moreover, Petitioner believes the "Kentucky Department of Corrections (KDOC) intends to keep Petitioner on parole; which is continued unlawful restriction of Petitioner's liberty." (Doc. 5, PageID 109-110) Accordingly, Petitioner asks this Court to "[i]ssue a writ of habeas corpus, and order the immediate release of the Petitioner from custody/unlawful detention." (Doc. 1, PageID 18)

Defendant Neace must be dismissed, and the Petition must be denied for numerous reasons. First, Petitioner is precluded from asserting his claims and otherwise attempting to relitigate claims that were raised, or could have been raised, in previous lawsuits. Second, Petitioner fails to state claims under the Fourth, Eighth, and Fourteenth Amendments upon which relief may be granted.

## II. LEGAL STANDARD

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. §2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).

## III. PETITIONER IMPROPERLY SEEKS TO RELITIGATE CLAIMS THAT WERE RAISED, OR COULD HAVE BEEN RAISED, IN HIS PREVIOUS LAWSUITS

Petitioner is barred from relitigating issues and claims that have been previously adjudicated. Claim preclusion "bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action." *Cadle Co. v. Gasbusters Prod. I Ltd. P'ship*, 509 S.W.3d 713, 719 (Ky. App. 2016). Moreover, claim preclusion "does not require an issue to be 'actually litigated' in the prior suit." *Humber v. Lexington-Fayette Urban Cty. Gov't*, 553 S.W.3d 273, 278 (Ky. App. 2018). Indeed, the fact that different claims of relief are sought in the different actions does not render claim preclusion inapplicable. *Cadle*, 509 S.W.3d at 720. Therefore, claim preclusion applies even when a plaintiff attempts to "'present evidence or grounds or theories of the case not presented in the first action or… [t]o seek remedies or forms of relief not demanded in the first action.'" *Humber*, 553 S.W.3d at 278 (citing *Dennis v. Fiscal Court of Bullitt County*, 784 S.W.2d 608, 610 (Ky. App. 1990)).

In applying the doctrine of claim preclusion, Kentucky has adopted "the 'transactional' approach, which focuses on whether the lawsuits 'arise from the same nucleus of facts.'" *Cadle*, 509 S.W.3d at 720 (citing *Yeoman v. Commonwealth, Health Policy Bd.,* 983 S.W.2d 459, 464-65 (Ky. 1998)).

Petitioner has brought **multiple suits and appeals** raising issues with the length and calculation of his sentence. Specifically, Petitioner has already litigated

- Whether his judgment should be vacated under RCr 11.42 due to alleged ineffective trial counsel (*see generally,* Kentucky Court of Appeals Nos. 95-CA-1638 & 95-CA-2051);
- Whether his sentence should be vacated under CR 60.02(e) due to alleged "misapprehension of statutory law" and a sentencing "beyond the statutory maximum" (*see generally,* Kentucky Court of Appeals No. 2008-CA-001271);
- Whether his sentence should be vacated under CR 60.02(e) due to being "erroneously designated as a violent offender" (*see generally,* Kentucky Court of Appeals No. 2013-CA-001982);
- Whether he remained on parole when he failed to report and a parole violation warrant was issued (*see generally,* Kentucky Court of Appeals No. 2023-CA-0177);
- Whether he was denied jail custody credit, statutory good time, meritorious good time, educational good time, and street time/parole compliance credit (*See generally,* Franklin Circuit Court No. 24-CI-01174); and
- Whether he should be granted a writ of habeas corpus and whether the Department of Corrections inappropriately calculated his criminal sentence leading to unlawful detainment (*See generally,* Madison Circuit Court No. 25-CI-00574).

Petitioner brings nearly identical claims at bar. For example, Petitioner challenges, among other things, the "erroneous calculation of [his] criminal sentence by the KDOC" due to his status as a violent offender. (Doc. 1, PageID 7) Petitioner further challenges whether his "statutory and earned sentence credits" should be subtracted from his criminal sentence. (Doc. 1, PageID 5) Both of these issues have been litigated *numerous* times. Moreover,

Petitioner fails to raise **any** new facts, circumstances, or allegations that have not been previously litigated or otherwise could have been raised in the seven previous lawsuits.

For these reasons, Petitioner is precluded from asserting his claims and his Petition for Writ of Habeas Corpus must be dismissed.

## IV. PETITIONER HAS FAILED TO STATE CLAIMS UNDER THE FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS

Constitutional provisions themselves do not provide a private right of action. As such, merely alleging a violation of a justiciable constitutional right is insufficient to state a cause of action. *Enrique-Perdomo v. Newman,* 740 F. Supp. 3d 560, 569 (W.D. Ky. 2024). For the United States Constitution, 42 U.S.C. § 1983 is the vehicle to obtain damages for violations of both the Constitution itself and of federal statutes. *Cmtys. For Equity v. Mich. High Sch. Ath. Ass'n,* 459 F.3d 676, 681 (6th Cir. 2006). Indeed § 1983 is the exclusive remedy for the alleged constitutional violations and therefore, the 6th Circuit does not recognize direct constitutional claims.

Petitioner did not invoke nor mention § 1983 and therefore, provided no statutory basis for his claims under the Fourth, Eighth, and Fourteenth Amendments. Without properly invoking § 1983, Plaintiff has failed to establish any legal mechanism through which his claims can be adjudicated.

## V. CONCLUSION

For these reasons, Respondent, Darrell Neace, in his official capacity as Director of the Bluegrass Career Development Center, respectfully requests that the Court deny Petitioner's Petition for Writ of Habeas Corpus as it relates to him and dismiss Neace as a Respondent.

Respectfully submitted,

***/s/ Jeffrey C. Mando***

Jeffrey C. Mando, Esq. (#43548)
Anna M. Pancioli, Esq. (#101834)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
p: 859.394.6200 | f: 859.392.7200
jmando@adamsattorneys.com
apancioili@adamsattorneys.com

*Attorney for Respondent, Darrell Neace, in his official capacity as Director of the Bluegrass Career Development Center*

## CERTIFICATE OF SERVICE

This is to certify that on the **4th** day of November 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide an electronic notice to: Rex Melton, *pro se*

***/s/ Jeffrey C. Mando***
Jeffrey C. Mando, Esq.